**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER MADDOX**<br>15 South 53rd Street<br>Philadelphia, PA 19139<br><br>*Plaintiff,*<br><br>vs.<br><br>**INGLIS HOUSING CORPORATION**<br>2600 Belmont Avenue<br>Philadelphia, PA 19131<br><br>*Defendant.* | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Christopher Maddox (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against the Inglis Housing Corporation (hereinafter referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000, *et. seq*.), the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO")[1]. Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation, culminating in his termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

[1] Plaintiff intends to amend his complaint to include claims under the PHRA and PFPO once those claims are administratively exhausted, and they will mirror his claims under Title VII and the ADEA (other than different available damages).

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for civil rights violations under Title VII and the ADEA. There lies supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit under Title VII within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a private housing provider and living facility for individuals with disabilities located at 2600 Belmont Avenue, Philadelphia, PA 19131.

9. At all times relevant herein, Defendant acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a 65-year-old male.

12. Plaintiff worked for Defendant for approximately 17 ½ years from November of 2008 until his unlawful termination (discussed in detail *infra*) on or about February 24, 2026.

13. Plaintiff held various positions during his lengthy tenure with Defendant including Maintenance Technician, Maintenance Coordinator, and Senior Maintenance Technician (the role Plaintiff held at the time of his termination on February 24, 2026).

14. As Senior Maintenance Technician, Plaintiff's duties included coordinating orders and deliveries with third party vendors, managing the rooms of patients, site visits, and scheduling.

15. Plaintiff was a hard-working employees and performed his job responsibilities in a dutiful and competent manner.

16. At the time of his termination, Plaintiff worked under the supervision of:

a. Defendant's Operations Manager, Annie Grant (*hereinafter* "Grant" – female, approximately 35 years old);

b. Office Coordinator, Kelly Greg (*hereinafter* "Greg" – female, approximately 55 years old);

c. Executive Director, Heidi Bohn (*hereinafter* "Bohn" – female, approximately in her 40s); and

d. Director of People and Culture, Amelia Bassett (*hereinafter* "Bassett" – female, approximately in her 40s).

17. Relevant human resources ("HR") employees at Defendant included HR Generalist, Andrea Thomas (*hereinafter* "Thomas" – female) and HR Manager, Cheryl Leaf (*hereinafter* "Leaf" – female).

18. Throughout Plaintiff's employment with Defendant, he was subjected to discrimination, disparate treatment, and a hostile work environment as a result of his age and gender.

***a. <u>Gender Based Discrimination</u>***

19. For context, the majority of employees working in Defendant's office, HR, and leadership roles were female, while the maintenance department was predominantly male.

20. Examples of the gender based discrimination Plaintiff observed and was subjected include but are not limited to:

a. Plaintiff observed female managers talk down to and treat male employees (including himself) rudely, dismissively, or disrespectfully, while he did not observe those same managers speak to female employees in the same manner;

   When female employees required job assistance or had questions, Defendant's female management always seemed willing to help and accommodate. However, when Plaintiff or his male counterparts required similar assistance, they did not receive the same level of support, cooperation, or respect;

b. Female employees were frequently given the opportunity to work remotely and given increased work flexibility, yet, Plaintiff and his male counterparts were not afforded the same flexibility and were not permitted to work remotely or to work flexible schedules.

c. Female employees were frequently selected or granted funds to attend certification training by Defendant's female management (which would excel those female employees' careers and support promotions or increase in pay) over Plaintiff and male employees.

21. Plaintiff complained to Bohn about this gender-based discrimination, including complaining that male employees were terminated at a much higher rate than female employees,

who seemed to be given multiple chances and or more disciplinary steps than males were before being terminated.

### ***b. Age Based Discrimination***

22. In addition to being treated disparately on the basis of his gender, Plaintiff was subjected to repeated comments about his age by Defendant's management throughout his tenure with Defendant.

23. Throughout Plaintiff's employment, Bohn and other members of management frequently asked Plaintiff when he planned on retiring, whether he wanted to retire, and questioned whether he was capable of still working[2].

24. These comments occurred throughout the final years of Plaintiff's employment but became more frequent in the months leading to his termination, especially after Defendant hired Ellaine Vellejo (*hereinafter* "Vellejo"), a significantly younger female employee, in or around November of 2025.

25. Plaintiff informed Defendant's management on numerous occasions that he had no plans to retire and complained to management that he reasonably perceived these comments as age discrimination.

26. Despite Plaintiff's insistence on his ability to continue working and his reports of age discrimination, these discriminatory comments continued.

27. In fact, management, including but not limited to Bohn, informed Plaintiff that he would be required to train younger employees because "you are old" and because Defendant would need someone for Plaintiff's position upon his purported retirement.

---

[2] Comments regarding an employee's intent to retire have been established to be evidence of age discrimination. *See, e.g.*, *Sesso v. Mercy Suburban Hosp.*, 2013 WL 961625, at *4 (E.D. Pa. 2013) (explaining any suggestion that any employee retire is evidence of discriminatory animus based on age and holding such statements are sufficient if credited by a jury to find a termination based upon age discrimination).

28. Plaintiff objected to these comments and again firmly reiterated that he was fully capable of performing his job and had no plans to retire.

29. Despite Plaintiff's formal complaints to Bohn, both the discriminatory comments and disparate treatment of Plaintiff continued.

### *c. **Plaintiff's Discriminatory and Retaliatory Termination***

30. On or about February 19, 2026, within just a few weeks of Plaintiff's latest complaints of discrimination, Plaintiff received a letter informing him he was suspended effective immediately for alleged "bullying" Vellejo (without further detail), which is completely false and untrue, as Plaintiff never bullied Vellejo or treated her unkindly.

31. Rather, the female employees in the workplace subjected Plaintiff to hostility, animosity, and bullying comments (as set forth *supra*) regarding his age and/or because of his gender.

32. Plaintiff is unaware any *female* employees having been subjected to the same level of discipline and/or suspension under similar circumstances, despite female employees engaging in comparable and/or worse alleged workplace conduct, including repeated tardiness, and other unprofessional behavior.

33. On or about February 24, 2026 (just three business days following his suspension), Plaintiff was sent a second letter from Bassett and Bohn stating that Defendant "thoroughly reviewed all findings and relevant information," and allegedly determined that Plaintiff's alleged behavior constituted a violation of [Defendant's] values and culture and did not meet the standards of professionalism expected of all employees."

34. Despite that the letter stated Defendant claimed there was sufficient cause for Plaintiff's termination, Defendant offered Plaintiff the option to "***retire in lieu of termination***"

which was Defendant's clear goal all along as evidenced by the repeated requests/questions that Plaintiff retire and then the transparent and manufactured attempt at discipline (the false allegations of bullying) to push Plaintiff to retire and replace him with a substantially younger employee.

35. In response to Defendant's offer to retire, Plaintiff again insisted that he had no plan to retire and that he was willing and able to continue to work, he was terminated shortly thereafter.

36. During a Department of Labor hearing regarding Plaintiff's application for unemployment benefits, Defendant admitted under oath that Vallejo only alleged she heard a third-party vendor allegedly made a "bullying" comment about her – **not** Plaintiff. Therefore, it is clear and obvious that Defendant had no legitimate basis to believe Plaintiff allegedly "bullied" Vallejo when it terminated Plaintiff.

37. Upon information and belief, following his termination, Plaintiff has been replaced by a substantially younger female employee.

38. It is evident Defendant's purported reason for termination is entirely prextual and that the real basis for his termination was his age, gender, and/or his objections to/complaints regarding the same.

39. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, retaliation, and termination because of his age, gender, and/or complaints of unfair treatment as a result of the same.

## COUNT I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
## ([1] Gender Discrimination; [2] Retaliation; [3] Hostile Work Environment)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff was subjected to a hostile work environment through gender discrimination and retaliation in violation of Title VII.

42. Plaintiff complained to Defendant's management about the aforesaid gender discrimination to no avail, and instead of properly investigating or remedying his concerns, Defendant's management subjected him to a retaliatory hostile work environment and terminated his employment.

43. Plaintiff believes and avers that his gender was a motivating or determinative factor in Defendant's decisions to suspend Plaintiff and then terminate his employment.

44. Plaintiff also believes and therefore avers that he was suspended and then terminated because of his complaints of gender discrimination.

45. Plaintiff asserts that Defendant's decisions (discussed *supra*) were made in violation of Title VII.

**COUNT II**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**([1] Age Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiff is 65 years old.

48. Plaintiff was subjected to a hostile work environment because of his age through disparate treatment and discriminatory comments.

49. While Plaintiff complained of Defendant's violations under the ADEA, his concerns were never properly investigated or remedied. Instead, he was subjected to retaliatory action, a hostile work environment, and ultimately terminated.

50. Plaintiff also believes and therefore avers that he was suspended and terminated because of his age and/or complaints of age discrimination

51. Plaintiff asserts that Defendant's decisions (discussed *supra*) were made in violation of the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: August 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Christopher Maddox | : | CIVIL ACTION |
| v. | : | |
| Inglis Housing Corporation | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 8/28/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:____________ Judge:____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MADDOX, CHRISTOPHER

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

INGLIS HOUSING CORPORATION

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(*Do not cite jurisdictional statutes unless diversity*)**:
Title VII (42USC2000); ADEA (29USC621)

Brief description of cause:
Violations of Title VII, ADEA, PFPO and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 8/28/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______